## The Union Express Company *versus* Shoop.

Where one carrier company receives goods at the end of a second carrier company's line, and the second company neglects to inform the first company that the freight was paid, the first company is not responsible for this omission, and has the right to retain the goods in its possession for a reasonable time, until it can inquire into and ascertain the facts.

October 23d 1877. Before MERCUR, GORDON, PAXSON, WOODWARD and STERRETT, JJ. AGNEW, C. J., and SHARSWOOD, J., absent.

Error to the Court of Common Pleas of *Armstrong county:* Of October and November Term 1877, No. 187.

This was an appeal from the judgment of an alderman for $40, in favor of John H. Shoop, against the Union Express Company. Shoop filed a *narr.* in assumpsit, to which were filed the usual pleas, non-assumpsit, payment with leave, &c.

The action was to recover the value of a box of furs, amounting to $26.25, shipped from Philadelphia, November 30th 1872, by W. V. Lippincott & Co., and consigned to John H. Shoop, Freeport. The shipment from Philadelphia was by the Adams Express Company, which line terminated at Pittsburgh, at which place the goods were transferred to the Union Express Company, its line running north of Pittsburgh, through the town of Freeport, the residence of the consignee. The substance of the shipping receipt will be found in the opinion of this court. The two express companies were wholly different and independent carriers. The relations of the two companies are shown in the following testimony of an officer of one of the companies :—

"The same agreement exists between the Adams and Union Express companies that exists between all other forwarding companies, that each pays the charges of the other for all services rendered for them on their lines. The Union Express looks to the Adams Express Company for expressage fees on packages expressed at Philadelphia to Freeport, when prepaid, and will have notice of the fact, providing the Adams Express Company prepays the Union Express Company in Pittsburgh her charge from Pittsburgh to Freeport. We settle between the Adams Express Company and Union Express Company every day. When the goods come from Philadelphia to Freeport, prepaid or not, we send them on as rapidly as possible."

In this instance the transportation charges were paid in Philadelphia to the Adams Express Company, but by some neglect of that company the fact of prepayment was neither marked upon the box nor upon the way-bill. The Union Express Company had no knowledge or notice of such prepayment, and the agent of said company at Freeport had no authority to deliver goods without the payment of the charges. On the arrival of the goods at Freeport, notice was given to the consignee, who sent his clerk

[Union Express Co. *v.* Shoop.]

for them ; and although the plaintiff had the receipt of the Adams Express Company showing the prepayment of the box, he at no time mentioned it or exhibited it to the agent.    The agent refused to deliver the goods unless Shoop paid the charges or satisfied him that they were prepaid, stating at the same time that, if the charges had been prepaid, he would refund them to Shoop on being satisfied of the fact.    Shoop refused to pay the charges, but brought suit for the value of the goods, which remained in the office of the express company, unopened and uninjured.

The fourth point of defendant was,

" That if the jury believe from the evidence that neither the way-bill nor the box containing the plaintiff's property, when delivered to the defendant at Pittsburgh by the Adams Express Company, presented any proper evidence, under the practice and arrangement of the transportation company, that the goods had been prepaid to Freeport, in that event the defendant had a right to demand the payment of charges from the consignee at Freeport, and upon his refusal to pay, hold the goods until such payment was made or satisfactory evidence furnished of prepayment in Philadelphia."

In reply to which the court, Boggs, P. J., said, "Answered in the negative, as explained in the general charge."

The portion of the charge alluded to was in these words :—

" If you find from the evidence this theory of the defendants to be true, and that the plaintiff had notice or knowledge, within a reasonable time, that the goods were at the office ready for delivery to him on payment of express fees, we instruct you that the agent of the defendants had no right to detain the goods, if it is true that the express charges were prepaid in Philadelphia ; they were bound to deliver them in their usual way as soon as the goods arrived at the place of destination and the consignee called for the same."

The verdict was for the plaintiff, and defendant took this writ, its sixth and thirteenth assignments of error being the refusal of the fourth point and the foregoing portion of the charge.

*E. S. Golden* and *W. D. Patton*, for plaintiff in error.—The question, briefly stated, is whether a second carrier company, receiving goods at the end of the first carrier company's line and transporting them to their destination without any fault in itself, is responsible for the faults or errors of the first company, and that without any privity of contract with or existing obligation to the first company.    There is no case to be found in England or America furnishing a precedent in law for the affirmative of the proposition.

*J. A. McCullough* and *David Barclay*, for defendant in error. —The Union Express Company, by receiving the box from the Adams Express Company, became Shoop's agent, and undertook

to perform the contract which he had made with the Adams Express Company. Here was privity. The transfer then, of the goods from the Adams Express Company to the Union Express Company placed Shoop and the Union Express Company in the identical position, as to their relative rights and duties, as existed between Shoop and the Adams Express Company when the contract was made, by the delivery of the goods in Philadelphia and the payment of the charges. If this be the legal relation of the parties, then what case has the plaintiff in error here? The Union Express Company was bound to know the charges had been paid, and it was that company's duty to deliver the goods the moment they were called on. But their agent refused to do so, and in that refusal the liability arose.

Mr. Justice PAXSON delivered the opinion of the court, November 19th 1877.

The application of a moderate amount of common sense with a reasonable spirit of accommodation would have saved the parties the expense of this litigation. The original contention was about a very small matter, the sum of $1.25, for express charges upon a package of merchandise of the value of $26.25, shipped by Lippincott & Johnson, Philadelphia, to John H. Shoop (plaintiff below), Freeport, Pa. The package was delivered to the Adams Express Company, in Philadelphia, and the express charges were prepaid to Freeport. This company carried the package to Pittsburgh, and then delivered it to the Union Express Company, plaintiff in error, which company carried it to Freeport, its place of destination. By the neglect of the Adams Express Company the package was not marked prepaid on the way-bill. Upon its arrival at Freeport the Union Express Company notified Mr. Shoop that the package was at their office, but declined to deliver without payment of the charge for freight. There is evidence that the agent of the company offered to refund the freight if it subsequently appeared that it had been paid at Philadelphia. It is also undisputed that Mr. Shoop wrote to the shippers in Philadelphia, and received from them a reply, enclosing the receipt of the Adams Express Company. After the receipt of this letter, Mr. Maxler, the clerk of Mr. Shoop, called at the express office and exhibited the letter, but did not show the receipt. This omission was singular, the more so, as in all probability the production of the receipt would at once have ended the difficulty. Why it was not done has not been explained.

Upon the refusal of the company to deliver the package under the foregoing circumstances, the plaintiff below brought this action of trover to recover its value. The court below ruled that under the contract with the Adams Express Company the Union Express Company was bound to deliver the package to Mr. Shoop, upon its

[Union Express Co. *v.* Shoop.]

arrival at Freeport, without payment of the charge for freight, upon the ground that by the arrangement between the two companies, the plaintiffs in error took upon themselves to complete the performance of the contract implied in the express receipt given in evidence, by expressing the goods from Pittsburgh, the end of the Adams line, to Freeport, then to deliver the goods in a reasonable time to the consignee, as the law requires. It is undoubtedly true that by virtue of the receipt and the understanding between the companies, the plaintiffs in error undertook to complete the contract made with the Adams company, so far as to safely carry the goods from Pittsburgh to Freeport, and to deliver them within a reasonable time to the consignee. But this was the extent of their obligation. They did not assume responsibility for any acts or omissions of the Adams company. The shipping receipt of the latter company contained this clause: "And if the same is intrusted or delivered to any other express company or agent (which said Adams Express Company are hereby authorized to do), such company or persons so selected shall be regarded exclusively as the agent of the shipper or owner, and as such alone liable, and the Adams Express Company shall not be, in any event, responsible for the negligence or non-performance of any such company or person, and the shipper and owner hereby severally agree that all the stipulations and conditions in this receipt contained, shall extend to and inure to the benefit of each and every company or person to whom the Adams Express Company may intrust or deliver the above-described property for transportation, and shall define and limit the liability therefor of such other company or person." The plain meaning of this is that each company shall be responsible to the shipper or owner for the property while in its custody, but not for the default or negligence of any other company or person. Now, in what was the Union Express Company in default? They had carried the package safely, and were ready to deliver upon payment of the freight charges. But it is said it was their duty to have informed themselves as to whether the express charges were paid or not. They were informed by the way-bill that the charges were not paid. It is true this was an error. But whose fault was that? Manifestly that of the Adams Express Company, by whose neglect it occurred. Under the circumstances, the Union company being in no default, what was its duty? The answer is not difficult. It was to deliver to the consignee within a reasonable time upon notice and satisfactory evidence that the freight charges had been paid. If such notice was not given by the consignee at Freeport, he has no ground of complaint if the company declined to deliver until such reasonable time as they could inquire into and ascertain the facts. Still less reason has the consignee to complain if he had in his possession the evidence of the prepayment of the freight and neglected or refused to pro-

[Union Express Co. *v.* Shoop.

duce it. The Union Express Company were entitled, under the circumstances disclosed by the evidence, to a reasonable time, to be measured by the distance to Philadelphia, and the facilities of communication, to ascertain whether the charges had been paid to the Adams Express Company, after which it would be their duty to deliver the package, in case of such prepayment, to the consignee when required. These views of the law, as it will be seen, differ essentially from the rulings of the learned judge of the court below in his answer to the defendant's fourth point, and also in that portion of his charge embraced in the 13th assignment of error. We notice nothing else in this record that needs to be discussed.

The judgment is reversed, and a *venire facias de novo* awarded.